FILED
DEC 10 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT COURT OF SOUTHERN
DISTRICT OF CALIFORNIA.

UNITED STATES OF AMERICA, )
                          )   CASE NO: '07 CV 2324 W
        PLAINTIFF,        )        (To Be Assigned By Clerk)
                          )
                          )   CASE #06 CR 2351-W.
    VS.                   )
                          )   NOTICE OF MOTION:
                          )
ANZURES-LOUSTAUNAU, JOSE, )   MOTION TO VACATE AND CORRECT
                          )   SENTENCE PURSUANT UNDER 28
        DEFENDANT,        )   U.S.C. 2255.
                          )

TO THE CLERK OF THE COURT, UNITED STATES DISTRICT COURT, FOR THE DISTRICT COURT OF OREGON, PARTIES AND THEIR COUNSEL.

MOTION

Notice is hereby given the defendant, Anzures-Loustaunau, Jose proceeding in Pro Se, now moves this Honorable court to vacate and correct sentence pursuant to title 28 U.S.C. 2255.

This motion is based on the files and records in this case, the following memorandum of points of authorities in support and such further argument as this court may order.

The defendant's reserves the right to the records on these issues and any other to be raised by the plaintiff, it's reply to defendant's motion to vacate and correct sentence pursuant to 28 U.S.C. 2255.

///

1.

# MEMORANDUM OF POINTS AND AUTHORITIES

### 1.

### CONSTITUTIONAL ISSUES

The defendant was denied effective assistance of counsel at sentencing, the sixth amendment to the United States Constitution provides that "(I)n all criminal proceedings the accused shall enjoy the right....to have assistance of counsel for his defence. Gideon Vs. Wainwright, 372 U.S. 335, 342 (1963) and the right to effective assistance of counsel Cuyler Vs. Sullivan, 446 U.S. 335-45 )1980).

### 2.

### STATEMENT OF THE CASE

Defendant was convicted and sentenced to a term of 51 months to be served in case # 06CR2351-W.

offence code :393.

of/chg : 21 USC 952 AND 960 IMPORTATION OF COCAINE COUNT 1

CASE #

of /chg :

### 3.
### ARGUMENTS

Defendant is entitled to a vacation and correction of sentence pursuant to title 28 U.S.C. 2255, due to the ineffective assistance of counsel at sentencing.

   A. NEW CONSTITUTIONAL LAW JUSTIFIES THIS
      DOWNWARD SENTENCE DEPARTURE REQUEST.

A downward sentence departure from the federal sentencing guidelines is authorized by 18 U.S.C. 3553(b) when "an aggravating or mitigating circumstance exist that was not adequately taken into consideration by the sentencing commission on formulating the guide lines.

///

2.

See <u>Koon Vs. United States</u>, 518 U.S. 81, 92 94 (1996) the recent decision of the United States Supreme Court in <u>Blakely Vs. Washington</u>, 2004 U.S. LEXIS 4573 (06-24-2004), justifies this downward departure request and must be reviewed <u>DE NOVO</u> with all applicable case laws. The ninth circuit court has held that this clarification by <u>Blakely</u> applies the <u>Apprendi</u> limitation to <u>Enhancement</u> of guide line sentencing ranges. <u>United States Vs. Ameline</u>, 2004 U.S. App. LEXIS 15031 (9th Cir. 7-21-2004); <u>United States Vs. Booker</u>, 375 F. 3d 508 (7th Cir. 2004); <u>United States vs. Fanfan</u>, No. 03-47 2004 WL 1723114 (D.ME. June 28 2004) cert.granted.

<u>Ring Vs. Arizona</u>, 536 U.S. 584 (2002) See also <u>United States Vs. Olano</u>, 507 U.S. 725 (1993).

### B. DEFENDANT IS ENTITLED TO A POST CONVICTION DOWNWARD DEPARTURE UNDER U.S.S.G. 5K2.19

Defendant who was arrested on 10-22-2006 and was sentenced on 05-01-2007 and had maintained a clear conduct, and has been making efforts at rehabilitating himself is entitled to a post conviction downward sentence departure under U.S.S.G. 5K2.19.

The sentencing commission chose to prohibit the consideration of only a few factors, and no otherwise to limit as a categorical matter, the consideration which might bear upon the decision to depart downwards. Obviously, Post Conviction, rehabilitation is not one of these prohibited factors, nor have the courts found any other provision of the guidelines, policy statements of official commentary of the sentencing commission prohibiting it's consideration. The court decided in <u>United States Vs. Rhodes</u>, 145 F. 3d 1375 (D.C. Cir. 1998) that sentencing courts may consider post conviction rehabilitation at re-sentencing.

///

See also <u>United States Vs. Core</u>, 125 F. 3d 74, 75 (2nd Cir. 1997) finding nothing in the pertinent statutes or the sentencing guide lines, that prevents a sentencing judge from consideration of post conviction rehabilitation in prison as a basis for departure if resentencing become necessary" cert. denied. 118 s.ct. 735, 139 L. 3d 2d 672 (1998). <u>U.S. Vs. O'neal</u>, 180 F. 3d 115 (C.A.4.)(N.C.)1999). <u>United States Vs. Rudolph</u>, 190 F. 3d 720 (C.A.6.)(Mich)(1999).

### C. INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO FIGHT CERTAIN RIGHTS.

Request this Honorable Court grant him a 2 points down departure as consequence of his status as a deportable alien which has been considered as a mitigating factor of sentencing pursuant to <u>United States Vs. Gaither</u>, 1 F 3d 1040 (10 Cir. 1993) counts may properly depart downward from sentencing guidelines if sentences commission did not account for mitigating factor. In <u>United States vs. Smith</u>, 27 F.3d the circuit court remanded to trial court for recenting due to the defendant's ineligibility for pre release custody and minimun security confinement as a result of his status as a deportable alien constituted a mitigating factor to be considered by the trial court. See also <u>United States Vs. White</u>, 31 f. 3d 920, 922 (1995) trial court, Granted defendant 6 months departure in accordance with smith because defendant was a deportable alien, further in memorandum to all federal procecutors (exibiti) dated April 28 1995 the attorney general instructs federal prosecutors to recomend one or two level downward departure in exchange for the aliens consecion of deportability.

//

///

4.

### D. THE STRICKLAND STANDARD.

To establish ineffective assistance of counsel, a defendant must show that (1.) counsel's performance was deficient and (2.) the deficient performance prejudiced him.
<u>Strickland Vs. Washington</u>, 466 U.S. 668, 687-88, 694, 104 S.CT 2052, 80 L. Ed 2d 674 (1984).

It is well decided by courts that misrepresentation and misadvisement of the likely outcome of a plea, combined with erroneous advice on the possible effects of going to trials, fall below the level of competency required of a defence attorney.

The court in <u>Armstron Vs. Dugger</u>, 833 F. 2d 1430 have equally decided that a failure of counsel to investigate or present mitigating evidence at sentencing, as in the instant case, may qualify as deficient performance under <u>Strickland</u>.

Under the firs prong of <u>STrickland</u>, it is undisputeable that defence counsel misrepresented and misadvised the plea to defendant about the condition of his plea bargain when specifically enquired by defendant, in as much as counsel knew that defendant's whole behaviour and guilty plea was structured to avoid a plea agreement that would not result in a long sentence or prison time.

Defendant, Invoking this knowledge and now detrimentally relying on counsel's advice, pled guilty to the charge.
All this constitutes ineffective assistance of counsel I ask that this Honorable court downward departure from this argument.

///
///
///
///

## CONCLUSION

All of the foregoing constitutes ineffective assistance of counsel and a negation of due process, such that the court must grant defendant's motion to modify and correct sentence pursuant to 28 U.S.C. §§ 2255, as defendant's 5th, 6th and 14th amendments rights to the United States Constitution were thereby violated.

WHEREFORE, Defendant respectfully ask that this Honorable court consider his motion and all <u>DE NOVO</u> case laws, in the ,ost favorable light to defendant, and grant defendant's motion to modify and correct sentence pursuant to 28 U.S.C. §§ 2255.

Respectfully Submitted,

_____
AFFIANT:
Anzures-Loustaunau, Jose.
Inmate No. 00152-298.

Dated: 12/05/07

6.

CERTIFICATE OF SERVICE / OR MAILING

CASE NAME: ANZURES-LOUSTAUNAU, JOSE.    VS. UNITED STATES OF AMERICA.

CASE NUMBER: 06CR2351-W.

I, the undersigned, herby affirmed that on this 05 day of December 2007, I deposited in the recepticle for the United States mail provided at this Institution for inmates, first class pre-paid postage, in a sealed envelope and addressed to:

Clerk, of The District Court.
U.S. District Court for
the Southern District of
California.
880 Front St.,# 4290.
San Diego CA 92101-8900.

(1) Original

(2) Copies.

a true and correct copy of the attached document(s) identified as follows:

MOTION TO VACATE AND CORRECT
SENTENCE PURSUANT UNDER 28
U.S.C. §2255.

In accordance with Houston V. Lack 487 U.S. 266 (1988) these documents are deemed filed and served as of this date. Pursuant to 28 U.S.C. §1746(2). I further declare under the penalty of perjury that the foregoing is correct and true.

DATED: 12-05-2007.

AFFIANT
ANZURES-LOUSTAUNAU, JOSE.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Jose Anzures-Loustaunau

**DEFENDANTS**
United States of America

FILED
DEC 1 0 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  Kern
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Jose Anzures-Loustaunau 00152-298
California City Correctional Center
PO Box 3001-0001
California City, CA 93504

**ATTORNEYS (IF KNOWN)**
'07 CV 2324 W
U.S. Attorney

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff      ☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)** (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

## 28 U.S.C. 2255

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☒ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE 12/10/07

SIGNATURE OF ATTORNEY OF RECORD
PDL