

FILED
AUG 1 3 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANZURES-LOUSTAUNAU,<br><br>         Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | CASE NO.  07-CV-2324 W<br>         06-CR-2351 W<br><br>ORDER DENYING PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2255 (Cr. No. 25) |

On February 12, 2007, Petitioner Jose Anzures-Loustaunau ("Petitioner") entered into a plea agreement with Respondent United States of America ("Respondent" or "Government") regarding Petitioner's arrest and charge for importation of cocaine. (Cr. No. 19.) On May 1, 2007, in accordance with the plea, the Court sentenced petitioner to fifty-one months. (Cr. No. 24.) Pending before the Court is Petitioner's motion to vacate or reduce his sentence pursuant to 28 U.S.C. § 2255. (Cr. No. 25.) The Court takes the matter under submission and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **DENIES** Petitioner's motion.

///
///
///

I. **BACKGROUND**

On February 12, 2007, Petitioner entered into a Plea Agreement with the Government regarding Petitioner's arrest and charge for importation of cocaine. (Cr. No. 19 [hereinafter *Plea Agreement*].) In exchange for certain concessions and a low-end sentencing recommendation, Petitioner agreed to waive any appeal or collateral attack of his conviction and sentence, so long as the Court did not sentence Petitioner above the high end of the resulting sentencing guideline range. (*Plea Agreement* 10.) Specifically, the Plea Agreement provided:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory minimum term, if applicable) recommended by the Government pursuant to this plea agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(*Id.*)

On May 1, 2007, consistent with the Government's recommendation and plea agreement, the Court sentenced Petitioner to fifty-one months in prison, which was the low end of the applicable sentencing guideline range. (Cr. No. 24.) Petitioner does not argue that he objected at the time of sentencing.

On December 11, 2007, Petitioner filed this motion to vacate or reduce his sentence under 28 U.S.C. § 2255, arguing that his counsel's ineffective assistance, his status as a deportable alien, and his post-conviction rehabilitation warrant a downward departure from the statutorily mandated sentence. (*Mot. to Vacate and Correct Sentence* [hereinafter *Mot.*] 3–5.) On December 27, 2007, the Court set a briefing schedule, giving the Government until March 14, 2008 to respond and Petitioner until May 2, 2008 to file his traverse. (Cr. No. 26.) On March 14, 2008, the Court granted the Government's motion for an extension of time to file a response, giving the

Government until April 14, 2008 to respond and Petitioner until June 2, 2008 to file his traverse. (Cr. No. 28.) On April 15, 2008, the Government responded in opposition. (Cr. No. 29.) To date, the Court has not received any traverse by Petitioner, nor has Petitioner requested an extension of time in which to file a traverse.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255 a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. This statute is intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hernandez v. Campbell, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979). But this does not encompass all claimed errors in conviction and sentencing. Id. at 187. A mere error of law does not provide a basis for collateral attack unless the claimed error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)).

## III. DISCUSSION

Petitioner argues that he is entitled to a vacation and correction of sentence pursuant to 28 U.S.C. § 2255 because (1) his trial counsel misrepresented the consequences of the Plea Agreement; (2) as a deportable alien, he was ineligible for

minimum security confinement; and (3) he has rehabilitated himself following his conviction. (*Mot.* 3–5.) Respondent contends that, whatever Petitioner may argue, he has already waived his right to collaterally attack his conviction and sentence. (*Respt.'s Opp'n* 3–7.)

The Court agrees with Respondent.

Knowing and voluntary waivers of appellate rights in criminal cases are regularly enforced. United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000). If a waiver of appellate rights was knowing and voluntary, inquiry into the waiver's validity is at an end. Nguyen, 235 F.3d at 1182. Like the right to bring a direct appeal, the right to bring a collateral attack is statutory. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). And, as with the right to appeal, the knowing and voluntary waiver of the statutory right to collaterally attack a conviction is enforceable. Id.

Here, Petitioner in his Plea Agreement waived both his right to appeal and right to collaterally attack his sentence. (*Plea Agreement* 10.) Because the Court accepted the Plea Agreement's low-end sentencing recommendation, this condition holds. Nowhere does Petitioner argue that his waiver was either not knowing or involuntary; to the contrary, Petitioner initialed each page of the Plea Agreement and signed his full name to the last page (See *Plea Agreement*.) Because Petitioner does not argue that he failed to execute a knowing and voluntary waiver, and all the evidence indicates otherwise, the Court finds that Petitioner has waived the right to collaterally attack his sentence. Accordingly, the Court **DENIES** Petitioner's motion to vacate and correct his sentence under 28 U.S.C. § 2255.

///
///
///
///
///
///

IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Petitioner's motion to vacate and correct his sentence under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

DATED: August 13, 2008

                                  HON. THOMAS J. WHELAN
                                  United States District Court
                                  Southern District of California